DAVIS, Judge.
Ismael Cruz challenges his sentence for three counts of attempted manslaughter, arguing that the offenses were improperly ranked on his guidelines scoresheet. We agree and reverse.
Cruz was convicted of three counts of attempted manslaughter with a firearm and was originally sentenced using a 1995 guidelines scoresheet. The trial court granted Cruz’s subsequent 3.800(a) motion to correct the illegal sentence because Cruz’s offense occurred within the Heggs window.[1]
At resentencing, the State submitted a 1994 scoresheet that mirrored Cruz’s original 1995 scoresheet in that all three counts of attempted manslaughter with a firearm were ranked as level 6 offenses. Cruz objected to the offense rankings, arguing that in 1994 attempts were ranked two levels below the completed offense, and since manslaughter was a level 7 offense, the attempts should have been ranked as level 5 offenses. The State argued that the use of a firearm bumped the offense rankings back up to level 6 and pointed out that the State had not included 18 firearm violation points because of the level 6 enhancement. The State went on to say that if the defense wanted the offense ranking dropped to level 5, the State would add those 18 points. The trial court accepted the scoresheet as presented, finding the level 6 rankings appropriate, and sentenced Cruz to 178.25 months’ imprisonment. This was error.
The State now concedes that attempted manslaughter with a firearm should have been ranked at level 5. The State, however, argues that Cruz is not entitled to relief from this court because the sentence imposed would have been a legal sentence without departure had the scoresheet been calculated ranking the offenses at level 5, but including 18 points for the firearm violation. We cannot agree.
When the State makes changes or corrections to a scoresheet, the State must advise the trial court of the changes, and the trial court must afford the defendant the opportunity to respond to or contest any changes. Estrada v. State, 787 So.2d *443 94 (Fla. 2d DCA 2001). Although the State argued before the trial court that it should be allowed to include the 18 firearm points if the offense levels were reduced, the court found that the scoresheet was correct as filed and the 18 points were never addressed.
Therefore, we reverse and remand. On remand, the trial court 'shall reduce the offense level rankings to level 5 and allow Cruz an opportunity to respond to the issue of the 18 firearm points.
Reversed and remanded.
WHATLEY, A.C.J., and SALCINES, J., concur.

. Heggs v. State, 759 So.2d 620 (Fla.2000); Trapp v. State, 760 So.2d 924 (Fla.2000).