NORTHCUTT, Judge.
David Marty appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand.
Marty pleaded guilty to aggravated assault, attempted manslaughter, shooting at, within, or into a building, and minor in possession of a firearm. He was subsequently sentenced to a three-year minimum mandatory prison term for the aggravated assault count and received five years probation, to run concurrently, on the counts of attempted manslaughter and shooting at, within, or into a building. He received county jail with time served on the minor in possession of a firearm charge. On May 29, 2002, Marty admitted to a violation of the terms of his probation for the counts of attempted manslaughter and shooting at, within, or into a building. The trial court then sentenced him to 81.35 months in prison, which was the minimum sentence within the calculations of the sentencing guidelines scoresheet.
Marty claims his scoresheet was improperly calculated because it incorrectly listed his May 29, 1998, conviction for aggravated assault as an additional offense. This resulted in an additional eighteen points be *657 ing improperly added to his scoresheet. The trial court admits this error and asserts that because the corrected score-sheet would result in a range between 67.95 and 113.25 months, the sentence of 81.35 months imposed on Marty is legal because it is still within the sentencing guidelines. There is nothing in the record to conclusively demonstrate that Marty would have received 81.35 months under the corrected sentencing guidelines. Therefore, Marty is entitled to be resen-tenced using an accurate scoresheet. See Walker v. State, 807 So.2d 177 (Fla. 2d DCA 2002).
Accordingly, we reverse and remand for the trial court to resentence Marty under the corrected scoresheet.
Reversed and remanded.
SALCINES and KELLY, JJ., Concur.