877 So.2d 27 (2004)
Lee WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4313.
District Court of Appeal of Florida, Second District.
May 28, 2004.
*27 CANADY, Judge.
Lee Wilson appeals the summary denial of his motion to correct an error on the face of the scoresheet, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand.
*28 Wilson pleaded guilty to one count of robbery. He was subsequently sentenced as a habitual felony offender (HFO) to ninety-five months in prison. Wilson's sentence was suspended and ordered to be served on two years of community control as a HFO. On December 17, 1997, Wilson pleaded guilty to violating his community control and he was sentenced as a HFO to ninety-five months in prison. On February 6, 2003, the trial court set aside the judgment and sentence issued on December 17, 1997, and resentenced Wilson to ninety-five months in prison, without the HFO designation.
Wilson claims his scoresheet was improperly calculated because it incorrectly scored his primary offense as a level nine offense when it should have been scored as a level eight offense. Wilson pleaded guilty to a violation of section 812.13(2)(b), Florida Statutes (1996). On the resentencing scoresheet, Wilson's primary offense was erroneously listed as a violation of section 812.13(2)(a) and erroneously scored as a level nine offense. Wilson's primary offense  a violation of section 812.13(2)(b)  should have been scored as a level eight offense. See § 921.0012, Fla. Stat. (1996). There is nothing in the record to conclusively demonstrate that Wilson would have received a sentence of ninety-five months under the corrected sentencing scoresheet. Therefore, Wilson is entitled to be resentenced using an accurate scoresheet. See Marty v. State, 865 So.2d 656 (Fla. 2d DCA 2004); Anderson v. State, 865 So.2d 640 (Fla. 2d DCA 2004); Walker v. State, 807 So.2d 177 (Fla. 2d DCA 2002).
Accordingly, we reverse and remand for the trial court to resentence Wilson under a corrected scoresheet. As we did in Anderson, we certify direct conflict with Hummel v. State, 782 So.2d 450 (Fla. 1st DCA 2001).
Reversed and remanded.
FULMER and KELLY, JJ., Concur.