PER CURIAM.
Christian Brotons appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence in which he claimed that the court used an incorrectly calculated score-sheet at sentencing. We reverse.
Summary denial was improper. Nothing from the record was attached to the order of denial that conclusively showed the trial court would have imposed the same sentence despite the scoresheet error. See Anderson v. State, 865 So.2d 640, 642-43 (Fla. 2d DCA), rev. granted, 879 So.2d 624 (Fla.2004); accord Cruz v. State, 884 So.2d 105 (Fla. 4th DCA 2004) (finding it was error for trial court to deny appellant’s request for resentencing hearing when it granted his 3.800(b)(2) motion to *175 correct sentence because error could not be deemed harmless as record did not conclusively show that trial court would have imposed the same sentence under corrected scoresheet). See also Wilson v. State, 877 So.2d 27 (Fla. 2d DCA 2004) (reversing denial of a rule 3.800(a) claim of scoresheet error and remanding for resen-tencing where the record did not conclusively demonstrate that the same sentence would have been imposed under a corrected scoresheet).
Accordingly, we reverse the order denying the 3.800(a) motion and remand for further proceedings. If the record conclusively shows that the court would have imposed the same sentence despite the sentencing error, then the court on remand must attach those records to a new order of denial. Otherwise, Brotons must be resentenced under a properly calculated scoresheet.
WARNER, SHAHOOD and HAZOURI, JJ., concur.