890 So.2d 519 (2005)
Chestley HIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1699.
District Court of Appeal of Florida, Fourth District.
January 5, 2005.
Chestley Higgins, Wewahitchka, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Chestley Higgins appeals the summary denial of his rule 3.800(a) motion to correct illegal sentence. We agree he was not entitled to correction of his two life sentences for counts I and II, challenged in ground one of his motion, but we reverse and remand as to the summary denial of the second and third grounds of his motion, both of which challenged his guidelines maximum twenty-four year sentence for count V, attempted armed robbery.
In ground two, he claimed that twenty-four years exceeded the fifteen-year statutory maximum for the offense, a second degree felony; and in ground three, he claimed that his scoresheet was miscalculated because his offense was committed within the window period for correction pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000) (sustaining a constitutional challenge to the 1995 sentencing guidelines, enacted by chapter 95-184, based on violation of the single subject rule). He is correct on both grounds.
Attempted armed robbery is a second degree felony, §§ 777.04(4)(c) & 812.13(1) & (2)(a), Fla. Stat. (1995), and, contrary to the state's position below, it could not be enhanced to a first degree felony for use of a firearm because in an attempted armed robbery, the use of a firearm is an essential element of the offense. See State v. Tripp, 642 So.2d 728, 730 n. 2 (Fla.1994); Perry v. State, 425 So.2d 1195 (Fla. 1st DCA 1983). Nor is his motion untimely merely because it was filed more than two years after issuance of the Heggs opinion. Scoresheet calculation *520 errors may be corrected pursuant to rule 3.800(a) "at any time."
The state now takes the position that Defendant is not entitled to Heggs relief because his open guilty plea was not conditioned on his receiving a guidelines sentence. On the contrary, because he entered no agreement with the state to receive any particular sentence, he was entitled to be sentenced either pursuant to a properly prepared scoresheet or to a legally imposed departure sentence.
We reject the state's argument that, because Defendant will remain imprisoned on two life sentences even if he succeeds in reducing his twenty-four year sentence for count V, correction of his sentence for count V serves no purpose. See Leonard v. State, 760 So.2d 114, 116 n. 4 (Fla.2000) (rejecting the argument that a defendant suffers no prejudice from an illegal sentence when it was imposed concurrent with other unchallenged sentences).
Accordingly, the order on appeal is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
STONE and TAYLOR, JJ., concur.