907 So.2d 1291 (2005)
Calvin MATHEWS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-667.
District Court of Appeal of Florida, Second District.
August 12, 2005.
DAVIS, Judge.
Calvin Mathews appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand.
Mathews claims his scoresheet was improperly calculated because it incorrectly scored a nolle prossed offense as the primary offense. The trial court acknowledged the error but found that the error was harmless because "Mathews' sentence was well within the statutory maximum and could have been imposed under a correct scoresheet." While we are aware of the recent Florida Supreme Court statement in State v. Anderson, 905 So.2d 111, 118 (Fla.2005), which indicates that the "would-have-been-imposed standard may be too speculative and subjective for purposes of rule 3.800(a)," the law of this district, as it presently stands, nevertheless requires the trial court to grant post-conviction relief pursuant to rule 3.800(a) unless the record conclusively demonstrates that the defendant would have received the same sentence under a corrected *1292 scoresheet. See Wilson v. State, 877 So.2d 27 (Fla. 2d DCA 2004).
Because the transcript of the sentencing hearing was not included in the record on appeal, we cannot determine whether the record conclusively demonstrates that Mathews would have received the same sentence under a corrected scoresheet. Therefore, we reverse and remand for the trial court to make this factual determination.
Reversed and remanded.
FULMER, C.J., and VILLANTI, J., concur.