913 So.2d 1277 (2005)
James N. WILSON, Sr., a/k/a James Nolan Wilson, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3440.
District Court of Appeal of Florida, Second District.
November 18, 2005.
*1278 ALTENBERND, Judge.
James N. Wilson, Sr., a/k/a James Nolan Wilson, appeals the trial court's order denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Mr. Wilson's motion includes a claim that an incorrect calculation was made on his scoresheet. From our record, we cannot determine whether Mr. Wilson's sentence is illegal, but it is clear that his scoresheet contains a sizable error. We reverse and remand for further proceedings to determine whether the error entitles Mr. Wilson to any relief.
Mr. Wilson was charged with three counts of sexual battery and five counts of lewd and lascivious acts for events occurring between June 1, 1995, and February 17, 1996. He pleaded guilty to all counts except for one count of lewd and lascivious act. On April 3, 1996, the trial court entered judgment and sentenced Mr. Wilson to a series of true split sentences. He received twenty-year prison terms for the sexual batteries and fifteen-year prison terms for the lewd and lascivious acts. All of these terms were concurrent and all were suspended after ten years and replaced by terms of probation.
Mr. Wilson's sentences were based on a 1994 scoresheet. It appears likely that his sentences were the result of a negotiated plea, but our record does not contain either a written plea agreement or a transcript of a plea hearing, and we cannot rule out the possibility that he pleaded open without an understanding as to the sentences he would receive.
By 2004, Mr. Wilson had been released from prison and was serving his terms of probation. He violated those terms, and the trial court revoked his probation. The trial court imposed prison terms that were the full terms authorized by Mr. Wilson's earlier true split sentences. Thus, he is now serving three twenty-year terms of incarceration and four fifteen-year terms, all running concurrently with one another, with credit for the time he initially served on these sentences.
In his motion to correct an illegal sentence or to correct a scoresheet error, Mr. Wilson argues that his scoresheet was incorrectly calculated at both his original sentencing and at the sentencing on the violation of probation. He claims that his sexual battery convictions were scored as level 9 offenses when they were actually level 7 offenses.
The basis for Mr. Wilson's claim involves a glitch that existed in section 921.0012, Florida Statutes (1993). Mr. Wilson was charged with sexual battery involving a minor between the ages of twelve and eighteen while he was in familial or custodial authority. That crime was located in *1279 section 794.041(2)(b), Florida Statutes (1991), until 1993. In 1993, the statute was repealed and replaced by section 794.011(8)(b). Ch. 93-156, § 4, at 911, Laws of Fla. Section 921.0012 establishes offense levels for scoring on 1994 scoresheets. Originally, it contained the old statute number for this offense. As a result of this glitch, the courts have held that this specific sexual battery offense must be scored as a level 7 offense. See Chavis v. State, 796 So.2d 607 (Fla. 2d DCA 2001); Millien v. State, 766 So.2d 475 (Fla. 4th DCA 2000); Roberts v. State, 715 So.2d 302, 303 (Fla. 5th DCA 1998).
The trial court in this case tried to distinguish these cases by pointing out that the glitch was corrected, effective October 1, 1995. Ch. 95-184, § 5, Laws of Fla. There are two problems with this effort to distinguish the earlier cases. First, Mr. Wilson was charged with these offenses for a range of time that included dates preceding October 1, 1995, and nothing in this record indicates that anyone ever established that these specific offenses occurred after October 1, 1995.
More important, the glitch in section 921.0012 was corrected in section 5 of chapter 95-184, Laws of Florida. Chapter 95-184 was declared unconstitutional due to a single-subject violation in Heggs v. State, 759 So.2d 620 (Fla.2000). The single-subject violation was corrected in chapter 97-97, Laws of Florida, which became effective on May 24, 1997. Heggs, 759 So.2d at 623. Thus, the glitch in section 921.0012 was not actually corrected until May 24, 1997. Thus, for all relevant times section 921.0012 required that Mr. Wilson's sexual battery offenses be scored as level 7 offenses.
It is not clear to us, however, that this scoresheet error will net Mr. Wilson any benefit. If Mr. Wilson received these judgments and sentences based upon a negotiated plea, his relief might be limited to a request to withdraw his plea under Florida Rule of Criminal Procedure 3.850. See Romero v. State, 805 So.2d 92 (Fla. 2d DCA 2002); Ruff v. State, 840 So.2d 1145 (Fla. 5th DCA 2003). It is doubtful that such a motion would be timely.
If this case does not involve a negotiated plea, then it is likely that Mr. Wilson will need to be resentenced. The maximum state prison sentence allowed by the original, erroneous scoresheet was 310.5 months. If our calculations are correct, the maximum sentence allowable with the offenses scored as level 7 offenses would be 246 months. Thus, we are inclined to believe that Mr. Wilson "could have" been legally sentenced to twenty years' imprisonment at either of his two sentencing hearings. Whether the test is "could have" or "would have" for purposes of a motion under rule 3.800(a) has not been resolved by the supreme court. See State v. Anderson, 905 So.2d 111 (Fla.2005). This district currently applies the "would have" standard to determine if postconviction relief is available under rule 3.800(a). See Mathews v. State, 907 So.2d 1291 (Fla. 2d DCA 2005); Wilson v. State, 877 So.2d 27 (Fla. 2d DCA 2004). Under this standard, the trial court must grant postconviction relief unless the record establishes that the sentence "would have" been the same under a corrected scoresheet. Mathews, 907 So.2d at 1291-92.
Accordingly, we reverse the order and remand for the trial court to calculate a correct scoresheet and then to determine what, if any, relief is appropriate as a result of that scoresheet.
Reversed and remanded.
CASANUEVA and VILLANTI, JJ., Concur.