930 So.2d 835 (2006)
James L. BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4876.
District Court of Appeal of Florida, Fourth District.
June 7, 2006.
James L. Brooks, Immokalee, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.

EN BANC
GROSS, J.
This is an appeal from an order on a motion to correct an illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). Applying the "could-have-been-imposed" harmless error standard, we affirm.
Appellant contends that a scoresheet prepared for a violation of probation sentencing erroneously scored his primary conviction as armed carjacking, instead of carjacking without a firearm. This error resulted in the scoring of the primary offense as a level nine instead of a level seven, which added 36 extra points to the scoresheet. Under the original scoresheet, the lowest permissible sentence was 66.3 months; with a proper, lower score, the lowest permissible sentence would have been 39.3 months. For the violation of probation, appellant received a ten-year prison sentence, concurrent with other sentences.
*836 The second district has held that a trial court must grant relief under rule 3.800(a) where the record reflects a scoresheet error, unless the "record establishes that the sentence `would have' been the same under a corrected scoresheet." Wilson v. State, 913 So.2d 1277, 1279 (Fla. 2d DCA 2005) (citation omitted).
Although the "would-have-been-imposed" harmless error test is proper for rule 3.850 motions, State v. Anderson, 905 So.2d 111 (Fla.2005), and rule 3.800(b)(2) motions, Jones v. State, 901 So.2d 255 (Fla. 4th DCA 2005), we do not believe the test should apply to rule 3.800(a) motions.
Rule 3.800(a) entitles a defendant to relief when "court records demonstrate on their face an entitlement to that relief." If entitlement to relief turns on an inquiry into what a court would have done under a corrected scoresheet, then such entitlement does not appear on the "face" of the record within the meaning of the rule.
Our reading of rule 3.800(a) is that it allows relief in a narrower class of cases than rule 3.850. There is no time limit for 3.800(a) motions and "[a]fter the time for filing 3.850 motions has passed, the State's interests in finality are more compelling." Anderson, 905 So.2d at 118. Application of a "would have been imposed" test many years after a sentencing hearing presents practical problems  judges die and retire and memories fade. Id. Where relief appears on the face of the record such practical difficulties do not exist.
The court could have sentenced appellant to 30 years in prison; it sentenced him to only 10 years. Applying the "could-have-been-imposed" standard for harmless error, we affirm and certify conflict with Wilson v. State, 913 So.2d 1277 (Fla. 2d DCA 2005).
We recede from Brotons v. State, 889 So.2d 174 (Fla. 4th DCA 2004), which applied the "would have been imposed" test to an appeal concerning a rule 3.800(a) motion.
STEVENSON, C.J., GUNTHER, STONE, WARNER, POLEN, FARMER, KLEIN, SHAHOOD, TAYLOR, HAZOURI and MAY, JJ., concur.