ON MOTION FOR REHEARING

PER CURIAM.
We grant the State’s motion for rehearing, withdraw our prior opinion, and substitute this opinion in its place.
David Thomas appeals the trial court’s summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. The motion was untimely filed under rule 3.850, but raised a claim to correct an illegal sentence that is evident from the face of the record; as such, *1205 the issue can be raised under rule 3.800. Thomas was sentenced under the unconstitutional 1995 guidelines and has standing to challenge his sentence as to counts three, four, and five. Heggs v. State, 759 So.2d 620 (Fla.2000); Trapp v. State, 760 So.2d 924 (Fla.2000).
The Florida Supreme Court recently addressed the test to be applied to sentencing errors raised in rule 3.850 motions. State v. Anderson, 905 So.2d 111 (Fla.2005). We have recently held that the test to be applied in considering rule 3.800(a) motions is whether the defendant’s sentence “could-have-been imposed.” See Brooks v. State, 930 So.2d 835, 836 (Fla. 4th DCA 2006).
Applying this test to the present case, we find that under the 1994 guidelines, the trial court could have imposed a sentence greater than that presently imposed. The error in sentencing is therefore harmless. We find no merit in the other issues argued.

Affirmed.

STONE, HAZOURI and MAY, JJ„ concur.