PER CURIAM.
Kevin Carter appeals from an order summarily denying his rule 3.800(a) motion. We reverse.
Carter entered a guilty plea to three offenses that were alleged to have occurred on November 22, 1996. His primary offense at sentencing was second degree felony murder with a firearm in violation of section 782.04(3). Following two successful prior rule 3.800(a) motions, the first filed pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000) (sustaining a constitutional challenge to the 1995 sentencing guidelines, enacted by chapter 95-184, based on violation of the single subject rule), he was resentenced to 308 months (25.66 years) for counts I and II. His concurrent term of fifteen years for count III was unaffected.
In the instant motion, Carter claimed that the 1994 scoresheet under which he currently is sentenced was miscalculated because the primary offense should have been scored at level 9, with 91 points, but instead it was scored at level 10, with 116 points. He asked to be resentenced pursuant to a correctly calculated scoresheet.
The trial court summarily denied the motion based on a response by the state which admitted that second degree felony murder is a level 9 offense,[1] but argued that section 775.087(1) provides that, when the level of an offense is reclassified for use of a weapon or firearm, the sentencing level is increased.
However, the raising of the sentencing level of an offense pursuant to section 775.087(1) was added by chapter 95-184, *1171 § 19, at 1708, Laws of Florida. Chapter 95-184 is the same session law that was held to violate the single subject requirement in Heggs. The severity level enhancement should not have been applied to Carter’s resentencing. Reid v. State, 799 So.2d 394, 400 (Fla. 4th DCA 2001) (holding that the one-level increases for use of firearm are not applicable to a defendant who committed the charged offense within the window period between October 1, 1995 and May 24, 1997).
Subtracting 25 points (the difference between 116 for a level 10 offense and 91 points for a level 9 offense) from Carter’s most recent scoresheet would reduce his presumptive sentence from 246.4 to 221.4 months, and the top of his range to 276.75 months, or a little over 23 years. Resentencing is required, even under the “could-have-been imposed” test which this court applies to rule 3.800(a) motions. See Brooks v. State, 930 So.2d 835 (Fla. 4th DCA 2006) (affirming summary denial of rule 3.800(a) motion, though scoresheet error added 36 extra points, making lowest permissible sentence 66.3 months when it should have been 39.3 months, but a legal sentence of ten years was imposed; certifying conflict with Wilson v. State, 913 So.2d 1277 (Fla. 2d DCA 2005)) (en banc). Compare State v. Anderson, 905 So.2d 111 (Fla.2005) (holding that if the scoresheet error is raised either on direct appeal or by a rule 3.850 motion, the test is whether the error was harmless under the “would-have-been-imposed” test).
The state’s argument that the motion is untimely because it was filed more than two years after Carter’s most recent sentence became final is without merit. Higgins v. State, 890 So.2d 519, 519-20 (Fla. 4th DCA 2005) (“Scoresheet calculation errors may be corrected pursuant to rule 3.800(a) ‘at any time.’ ”).

Reversed and Remanded for further proceedings.

GUNTHER, STONE and MAY, JJ., concur.

. See § 921.0012, Fla. Stat. (Supp.1994).