940 So.2d 604 (2006)
Jeffrey W. SIMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1655.
District Court of Appeal of Florida, Second District.
November 1, 2006.
NORTHCUTT, Judge.
Jeffrey W. Simpson appeals the denial of his pro se motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand.
Simpson was sentenced to eleven years in prison on a violation of probation in March 2005, stemming from convictions for crimes that occurred in 1993. In his rule 3.850 motion, Simpson claimed that his counsel in the probation revocation proceeding was ineffective for failing to review and seek correction of errors on his sentencing scoresheet. The postconviction court denied Simpson's motion, finding the record revealed that the trial court would have imposed the eleven-year sentence even if the scoresheet had been corrected. See State v. Anderson, 905 So.2d 111 (Fla. 2005).
While the postconviction court is correct that the "would-have-been-imposed" test is applicable to this case, see Wilson v. State, 913 So.2d 1277 (Fla. 2d DCA 2005), the record attached to the order does not support the postconviction court's conclusion. Moreover, if Simpson's "corrected" scoresheet calculations are accurate, his eleven-year sentence constitutes a departure without written reasons. See Fla. R.Crim. P. 3.701(d)(11). Therefore, we reverse and remand for the trial court to either attach portions of the record that conclusively refute Simpson's claim or hold an evidentiary hearing on the issue. See Spears v. State, 912 So.2d 694 (Fla. 2d DCA 2005).
Reversed and remanded.
SILBERMAN and LaROSE, JJ., Concur.