943 So.2d 253 (2006)
Andres MONTOYA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2136.
District Court of Appeal of Florida, Third District.
November 15, 2006.
Andres Montoya, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, Andres Montoya ("Montoya"), appeals the trial court's denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. As the current motion, which attacks the legality of the sentence imposed, would be successive if treated as a rule 3.850 motion,[1] the trial court, as *254 requested by Montoya, treated the motion as a motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. On appeal, Montoya also requests that this court treat his motion as filed pursuant to rule 3.800, if we determine that his motion is barred as untimely under rule 3.850. We, therefore, treat the instant appeal as an appeal from the trial court's order denying relief pursuant to rule 3.800, and for the reasons that follow, affirm.
The disputed sentence was imposed on March 25, 2003, as a result of a finding by the trial court that Montoya violated his probation. At the time of sentencing, a sentencing scoresheet was prepared which, based upon Montoya's current and prior convictions, placed the sentencing range at 77.8 months (6.487 years) to 36 years. The trial court sentenced Montoya to ten years incarceration, which was neither at the bottom of the guidelines, nor at the top.
Montoya claims that the inclusion of several misdemeanor convictions in computation of his sentencing guidelines range was error, as his convictions in those cases were as a result of uncounseled pleas. We agree. See State v. Beach, 592 So.2d 237 (Fla.1992); Brye v. State, 677 So.2d 1357 (Fla. 1st DCA 1996) (finding that defendant presented a prima facie showing of entitlement to relief on the ground of ineffective assistance of counsel by alleging that counsel knew or should have known that prior uncounseled convictions were unscoreable). He also claims that by removing these improperly scored misdemeanor convictions, the scoreable points would be reduced from 131.8 points to 130.0 points, a 1.8 point reduction, which places him in a somewhat different sentencing range, and therefore, requiring resentencing.
While we agree that the 1.8 point reduction alters the defendant's sentencing range, we disagree that under the circumstances herein presented that resentencing is required. If we were to compute the 1.8 point variance, Montoya's sentencing range would be 6.377 to 36 years, as opposed to 6.487 to 36 years, a difference of just over one month. As the sentence imposed was ten years, we conclude that the one month change to the bottom of the sentencing guidelines is minimal and harmless beyond a reasonable doubt.
In support of this conclusion, we rely upon the Florida Supreme Court's decision in State v. Anderson, 905 So.2d 111 (Fla.2005), which while not conclusive, is instructive. In Anderson, the Court addressed the standard which should be applied when determining whether a scoresheet calculation error raised in a 3.850 motion warrants resentencing. The issue was whether to apply a "would-have-been-imposed" standard or a "could-have-been-imposed" standard. Under the "would-have-been-imposed" standard, a scoresheet error requires resentencing unless the record conclusively shows that the same sentence would have been imposed using a correct scoresheet, whereas, under the "could-have-been-imposed" standard, a scoresheet error does not require resentencing if the sentence could have been imposed (absent a departure) with a correct scoresheet. Id. at 111. The Court ultimately concluded that a properly calculated scoresheet is important when deciding the sentence to impose, and thus, "the *255 would-have-been-imposed standard should apply to motions filed under rule 3.850 to correct scoresheet error." Id. at 118. In reaching this conclusion, the Court, however, limited its holding to motions filed under Rule 3.850, stating:
Because it is essential for the trial court to have the benefit of a properly calculated scoresheet when deciding upon a sentence, we agree that the would-have-been-imposed standard should apply to motions filed under rule 3.850 to correct scoresheet error. Rule 3.850 places numerous burdens upon defendants, who largely file such motions pro se. The motion must be sworn and must meet certain pleading requirements. Importantly, the motion must be filed within two years after the conviction and sentence are final.
Because the defendant in this case timely filed his motion under rule 3.850, meaning he filed it within two years after his conviction was final, we need not decide whether the would-have-been-imposed harmless error standard also should apply to motions filed under rule 3.800(a), the rule under which Hummel filed her claim in the conflict case.7 We do note, however, that rule 3.800(a) permits a motion to be filed "at any time" after a conviction and sentence are final-even decades later. After the time for filing 3.850 motions has passed, the State's interests in finality are more compelling. See, e.g., Maddox v. State, 760 So.2d 89, 100 n. 8 (Fla.2000) (noting that "clearly the class of errors that constitute an `illegal' sentence that can be raised for the first time in a postconviction motion decades after a sentence becomes final is a narrower class of errors than those termed `fundamental' errors that can be raised on direct appeal even though unpreserved"). Moreover, the would-have-been-imposed test, which requires a sentencing court to determine whether it would have imposed the same sentence using a correct scoresheet, may lose its effectiveness when a judge must decide the issue several years after the original sentencing. Therefore, the would-have-been-imposed standard may be too speculative and subjective for purposes of rule 3.800(a). Because Anderson's motion was timely filed within the two-year period under rule 3.850, however, we need not reach that issue. We simply note that our decision in this case applies only to scoresheet error raised on direct appeal or in a motion filed under rule 3.850.
Id. at 118.[2]
In light of the Florida Supreme Court's holding in Anderson, including the cited to passage above, we conclude, as did the Fourth District Court of Appeal in Brooks v. State, 930 So.2d 835 (Fla. 4th DCA 2006), that the "would-have-been-imposed" harmless error test should not be applied to motions filed pursuant to Florida Rule of Criminal Procedure 3.800(a).
In Brooks, the Fourth District Court, sitting en banc, read rule 3.800(a) to allow relief to a narrower class of cases than rule 3.850, in part, because there is no time limit for the filing of a 3.800(a) motion, noting that "`[a]fter the time for filing 3.850 motions has passed, the State's interests in finality are more compelling.'" Id. at 836 (quoting Anderson, 905 So.2d at 118). The court, therefore, applied the "could-have-been-imposed" standard when determining whether the error was harmless. Thus, the court affirmed the trial court's denial of Brook's motion to correct *256 his sentence, which was imposed on an incorrectly calculated sentencing scoresheet.
In the instant case, Montoya could have been sentenced to thirty-six years in prison. Under the corrected scoresheet the lowest sentence which could have been imposed, absent a departure sentence, is 76.5 months or 6.377 years. The scoresheet relied upon by the trial court in sentencing Montoya, placed the bottom of the sentencing range at 77.8 months or 6.487 years, which is the difference of 1.3 months. As the trial court did not sentence the defendant near the bottom of the scoresheet and the difference is diminimis, we conclude that the calculation error was harmless beyond a reasonable doubt. See Brooks, 930 So.2d at 835 (finding that a thirty-six point error to the scoresheet, which when corrected resulted in a change of the lowest permissible sentence from 66.3 months to 39.3 months, was harmless error not requiring resentencing where the defendant was sentenced to ten years and could have been sentenced to thirty years); Perez v. State, 840 So.2d 1179, 1180 (Fla. 5th DCA 2003) (remanding for a scoresheet correction only to delete 1.2 points from the score, reducing the maximum sentence from 182.7 to 181.25 months); Eppert v. State, 712 So.2d 461, 462 (Fla. 2d DCA 1998) (remanding for a two-point correction of the scoresheet but not for resentencing where the error resulted in only a lower range from 40.95 to 39.45 months and the defendant was sentenced to forty-eight months).
As did the Fourth District in Brooks, we certify conflict with Wilson v. State, 913 So.2d 1277 (Fla. 2d DCA 2005).
Affirmed.
NOTES
[1] On August 19, 2005, Montoya filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of counsel. The trial court denied the motion on September 29, 2005, denied rehearing on December 1, 2005, and this court affirmed on March 23, 2006. Montoya v. State, 923 So.2d 1178 (Fla. 3d DCA 2006). The instant 3.850 motion was filed on May 26, 2006, and, is therefore, successive and, thus, procedurally barred.
[2] Footnote 7 of the Anderson opinion provides as follows: "The opinion in Hummel does not reveal when the defendant filed her motion or when her sentence became final. [Hummel v. State,] 782 So.2d at 451 (Fla. 1st DCA 2001)."