VILLANTI, Judge.
Ulyssess Smith appeals the postconviction court’s summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the postconviction court’s summary denial of claim one and affirm, without comment, the postconviction court’s ruling on claims two and three.
In claim one, Smith alleged his attempted manslaughter conviction was erroneously listed and scored as a level 6 offense when it should have been listed and scored as a level 5 offense. The postconviction court denied this claim, finding that Smith’s attempted manslaughter conviction, a violation of sections 782.07(1) and 777.04(4)(a), Florida Statutes (1995), was properly listed and scored as a level six offense.
The State now concedes that Smith’s attempted manslaughter conviction should have been listed and scored as a level 5 offense. See Cruz v. State, 789 So.2d 441 (Fla. 2d DCA 2001). However, the State argues that Smith is not entitled to be resentenced because the sentence imposed would have been a legal sentence with the corrected scoresheet calculating the at *102 tempted manslaughter conviction at level 5.
“This district currently applies the ‘would have’ standard to determine if postconviction relief is available under rule 3.800(a).” Wilson v. State, 913 So.2d 1277, 1279 (Fla. 2d DCA 2005); see also Mathews v. State, 907 So.2d 1291 (Fla. 2d DCA 2005); Wilson v. State, 877 So.2d 27 (Fla. 2d DCA 2004). “Under this standard, the trial court must grant postconviction relief unless the record establishes that the sentence ‘would have’ been the same under a corrected scoresheet.” Wilson, 913 So.2d at 1279; see also Mathews, 907 So.2d at 1291-92. Based on the limited record before this court, there is no record evidence establishing that the same sentence “would have” been imposed under the corrected scoresheet.
Accordingly, we reverse the postconviction court’s denial of claim one and remand for the postconviction court to calculate a correct scoresheet and then to determine what, if any, relief is appropriate as a result of that scoresheet.
Reversed and remanded with instructions.
NORTHCUTT and KELLY, JJ., Concur.