957 So.2d 73 (2007)
Christopher TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4495.
District Court of Appeal of Florida, Fourth District.
May 9, 2007.
*74 Christopher Taylor, South Bay, pro se.
Bill McCollum, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Christopher Taylor appeals the denial of his rule 3.850 motion. We conclude that one of the claims is legally sufficient and not refuted by the attached records. In Claim Four, Taylor alleged that counsel provided ineffective assistance by failing to object to several errors on Taylor's sentencing scoresheet. He alleged that he was prejudiced because he would have received a significantly lower sentence under the correct scoresheet. He also alleged that he would not have entered a plea to his charges, but would have elected to go to trial.
The scoresheet was not included in the record on appeal, and the attached records do not refute his claim. Contrary to the state's argument on appeal, the alleged scoresheet errors could not be raised in a rule 3.800(a) motion, because the sentence Taylor received could have been imposed notwithstanding the alleged errors. See Brooks v. State, 930 So.2d 835 (Fla. 4th DCA 2006), rev. granted, 948 So.2d 758 (Fla.2007).
When Taylor entered an open plea in this case, the trial judge stated that he did not intend to sentence him above the lowest permissible sentence on the scoresheet. The record does not show that the judge would have imposed the same sentence absent the alleged errors. State v. Anderson, 905 So.2d 111 (Fla.2005).
We reverse and remand for an evidentiary hearing on Claim Four or attachment of portions of the record that conclusively refute Taylor's claim.
POLEN, GROSS and TAYLOR, JJ., concur.