979 So.2d 377 (2008)
James HUTCHINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3062.
District Court of Appeal of Florida, Fourth District.
April 16, 2008.
James Hutchinson, Zephyrhills, pro se.
Bill McCollum, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse the denial of a motion to correct an illegal sentence because the permitted sentencing ranges, which were adopted effective July 1, 1988, see Puffinberger v. State, 581 So.2d 897, 900 (Fla. 1991), cannot be applied to Defendant's guidelines sentence for count II, which was committed on May 24, 1987.
Defendant appears to have been sentenced to a term of years that could not have been imposed with a corrected scoresheet, a situation which meets the requirement for relief pursuant to rule 3.800(a). Brooks v. State, 930 So.2d 835 (Fla. 4th DCA 2006), approved, 969 So.2d 238 (Fla. 2007).
We agree with the state that the case must be remanded to the trial court for the preparation of a corrected scoresheet for count II and a determination of whether Defendant still would qualify for the same sentence. We reverse and remand for that purpose.
Reversed and Remanded.
STONE and FARMER, JJ., concur.
WARNER, J., concurs specially with opinion.
WARNER, J., concurs specially.
I concur in the opinion only because I am bound by the supreme court's pronouncement in Leonard v. State, 760 So.2d 114, 116 n. 4 (Fla.2000). I write to note that this is a prime example of the need to revamp postconviction relief in Florida. The defendant in this case was sentenced for first-degree murder and kidnapping committed twenty years ago. His motion to correct an illegal sentence, filed in 2006, *378 addresses an illegal sentencing only for his kidnapping count. He is still under a sentence for life in prison, with a mandatory minimum of twenty-five years, for the concurrent first-degree murder count.
In Higgins v. State, 890 So.2d 519 (Fla. 4th DCA 2005), we rejected the state's argument that a defendant suffers no prejudice from an illegal sentence when it is imposed concurrently with other unchallenged sentences. We relied on a footnote in Leonard which said:
The State also argues that Leonard has suffered no prejudice from the erroneous imposition of this illegal sentence because it is to be served concurrently with other sentences that are unchallenged. However, the fact that the illegal sentence is to be served concurrently with another sentence does not mean that it should remain uncorrected.
760 So.2d at 116 n. 4. I am not sure why it is necessary to go through this essentially meaningless exercise of correcting an illegal sentence imposed so long ago, which will have absolutely no effect on the defendant's liberty. He will have served his sentence for kidnapping before he completes his sentence for murder.
In this case a trial court had to review the defendant's motion. The state attorney presented a response. This court has reviewed the appeal, and the state again was ordered to respond. We have written an opinion and directed the trial court to correct the scoresheet and review the sentence in light of the application of the correct guidelines. Potentially, the trial court may have to resentence the defendant, requiring his presence in court, at further expense to the state. However, none of this will make any difference whatsoever to his liberty interests. The amount of judicial and state attorney time, as well as expense, wasted on this case should cry out for revision of our rules of procedure on postconviction motions, particularly corrections of illegal sentences.