884 So.2d 957 (2004)
Bruce Allen NESBITT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-1237.
District Court of Appeal of Florida, First District.
March 26, 2004.
Rehearing Denied May 13, 2004.
*958 Brian T. Hayes, Monticello, for Appellant.
Charlie Crist, Attorney General; Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of a final order denying his motion requesting postconviction relief. Because the motion does not contain allegations which, if true, would establish his entitlement to relief pursuant to Florida Rule of Criminal Procedure 3.800(a), we treat the motion as one pursuant to rule 3.850. The sole claim raised in appellant's motion is that the supreme court's decision in Harris v. State, 685 So.2d 1282 (Fla.1996), must be given retroactive effect, entitling him to be resentenced pursuant to the guidelines. We affirm without reaching this issue because the motion is legally insufficient to entitle him to the relief he requests. This is so because the motion contains no allegations which, if true, would demonstrate that the maximum allowable sentence pursuant to Harris would be less than those appellant received. See, e.g., Allen v. State, 854 So.2d 1255, 1258-59 (Fla.2003) (to be legally sufficient, a rule 3.850 motion must allege "specific facts" which, if true, would establish a prima facie case of entitlement to relief).
AFFIRMED.
WEBSTER, BENTON and PADOVANO, JJ., concur.