PER CURIAM.
Julio M. Gonzalez petitions for a belated appeal. We deny the petition as untimely, and alternatively, on the merits.
In 1998 defendant-appellant Gonzalez entered a guilty plea to second degree murder in exchange for a sentence of twenty-four years imprisonment. After the Florida Supreme Court announced its decision in Heggs v. State, 759 So.2d 620 (Fla.2000), the defendant filed a motion for postconviction relief seeking resentencing. As the defendant specifically agreed to the twenty-four-year sentence as a part of his plea bargain, and the sentence was not conditioned on the sentencing guidelines, the defendant is not entitled to any Heggs relief. See Dunenas v. Moore, 762 So.2d 1007 (Fla. 3d DCA 2000).
There has been confusion in this case because the trial court in 2001 entered an order indicating that the defendant was to be sentenced under the 1994 guidelines. *1275 In the immediate aftermath of the Heggs decision there was some uncertainty about whether resentencing would be necessary (a) in all eases where the crime date fell within the Heggs window period (even if the individual defendant’s sentence length was not adversely affected by Heggs), or (b) only in those cases in which the sentence length was adversely affected by Heggs. As Heggs itself indicates, it is only in the latter situation that resentencing is required. 759 So.2d at 627. Thus, the 2001 order in the defendant’s case was improvidently entered. As the trial court itself later clarified, the defendant is not entitled to any change in his twenty-four-year agreed sentence for second degree murder.
Petition denied.