890 So.2d 1277 (2005)
Charles E. SAGE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-4173.
District Court of Appeal of Florida, Fifth District.
January 21, 2005.
Charles E. Sage, Zephyrhills, pro se.
No Appearance for Appellee.
PER CURIAM.
Pursuant to a negotiated plea agreement, Charles E. Sage pled no contest to lewd and lascivious molestation. Post-sentencing, the trial court entered an order classifying Sage as a sexual predator, which designation Sage challenged via a rule 3.850 motion.[1] Sage now appeals the trial court's order summarily denying his motion. We affirm.
Sage seeks to have his sexual predator designation removed, arguing that the Florida Sexual Predator Act is unconstitutional and violates his procedural due process rights. For support, he relies upon the opinion of the Third District Court in Espindola v. State, 855 So.2d 1281 (Fla. 3d DCA 2003), review granted sub nom. Milks v. State, 881 So.2d 1113 (Fla.2004), which held that the Florida Sexual Predator Act is unconstitutional as it violates procedural due process.
However, contrary to Sage's position and Espindola, this court has held that the Florida Sexual Predator Act is constitutional and does not violate a defendant's procedural due process rights. Rickman v. State, 871 So.2d 310 (Fla. 5th DCA 2004). Recently, in Moran v. State, 888 So.2d 729 (Fla. 5th DCA 2004), this court followed Rickman and certified conflict with Espindola. See also Cabrera v. State, 884 So.2d 482 (Fla. 5th DCA 2004) (same).
Accordingly, we affirm. Again, we certify conflict with Espindola.
AFFIRM and CERTIFY CONFLICT.
SAWAYA, C.J, GRIFFIN and PALMER, JJ., concur.
NOTES
[1] Sage actually filed his motion pursuant to rule 3.800(a), but the trial court elected to treat it as one filed pursuant to rule 3.850.