969 So.2d 238 (2007)
James L. BROOKS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC06-1266.
Supreme Court of Florida.
October 25, 2007.
Isaac Ramon Ruiz-Carus, Tampa, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL; and Celia Terenzio, Bureau Chief, and Laura Fisher Zibura, Assistant Attorneys General, West Palm Beach, FL, for Respondent.
CANTERO, J.
In this case we decide which of two competing harmless error standards applies to sentencing scoresheet errors raised under Florida Rule of Criminal Procedure 3.800(a). Such motions can be filed "at any time," even long after the sentence is final, but must address errors apparent on the face of the record. The stricter "could-have-been-imposed" standard does not require resentencing if the sentence legally could have been imposed (absent a departure) using a correct scoresheet. The more defendant-friendly "would-have-been-imposed" standard requires resentencing unless the record conclusively shows that the same sentence would have been imposed using a correct scoresheet. See State v. Anderson, 905 So.2d 111, 112 (Fla.2005). In State v. Anderson, we held that the would-have-been-imposed standard applies to postconviction motions filed under Florida Rule of Criminal Procedure 3.850. Id. at 118. Such motions must be *239 filed within two years after the judgment and sentence are final. Because motions filed under rule 3.800(a) may be filed "at any time," however, we did not decide which standard applies to those motions. In the case under review, the Fourth District Court of Appeal, acting en banc, unanimously applied the stricter "could-have-been-imposed" standard. See Brooks v. State, 930 So.2d 835, 836 (Fla. 4th DCA 2006). The court certified conflict with Wilson v. State, 913 So.2d 1277 (Fla. 2d DCA 2005), which applied the "would-have-been-imposed" standard. Id. We have jurisdiction to resolve the conflict and granted review. See art. V, § 3(b)(4), Fla. Const.; Brooks v. State, 948 So.2d 758 (Fla.2007) (granting review). We agree with the Fourth District.
Below, we first review our decision in Anderson. Next, we discuss the facts of this case and the conflict in the district courts. Finally, we analyze and resolve the conflict by holding that the could-have-been-imposed harmless error test applies to claims of sentencing error raised by rule 3.800(a) motions.

I. THE HARMLESS ERROR STANDARD FOR SENTENCING ERROR RAISED UNDER RULE 3.850
In Anderson, we confronted a similar conflict over which harmless error standard applies to a sentencing error raised in a postconviction motion. 905 So.2d at 112. The Second District had held that resentencing was warranted unless the record conclusively showed that the trial court would have imposed the same sentence using a correct scoresheet, see Anderson v. State, 865 So.2d 640, 642 (Fla. 2d DCA 2004). On the other hand, the First District had concluded that sentence scoresheet error raised by postconviction motion was harmless if the sentence could have been imposed under a correct scoresheet. See Hummel v. State, 782 So.2d 450 (Fla. 1st DCA 2001). After examining the historical changes in the statutory criminal sentencing schemes and the district courts' treatment of such errors, both on direct appeal and in postconviction motions, we noted that most courts applied the would-have-been-imposed harmless error test. That is, courts essentially applied the harmless error standard of State v. DiGuilio, 491 So.2d 1129 (Fla.1986), reviewing the record "for conclusive proof that the scoresheet error did not affect or contribute to the sentencing decision." Anderson, 905 So.2d at 115-16.[1] Limiting our decision to motions filed under rule 3.850, we held that "[b]ecause it is essential for the trial court to have the benefit of a properly calculated scoresheet when deciding upon a sentence, we agree that the would-have-been-imposed standard should apply to motions filed under rule 3.850 to correct scoresheet error." Id. at 118. Recognizing that different considerations may apply to claims under rule 3.800(a), however, we noted that
the would-have-been-imposed test, which requires a sentencing court to determine whether it would have imposed the same sentence using a correct scoresheet, may lose its effectiveness when a judge must decide the issue several years after the original sentencing. Therefore, the would-have-been-imposed standard may *240 be too speculative and subjective for purposes of rule 3.800(a).
Id. at 118. Accordingly, we declined to address which harmless error standard applies to motions filed under rule 3.800(a). Id.[2]

II. THE CONFLICT IN THE DISTRICT COURTS
In the two conflict cases, the district courts addressed the question we left open in Anderson: when a sentencing error is raised under rule 3.800(a), which harmless error test applies? The courts answered the question differently.
In the case under review, Brooks pled no contest to carjacking without a firearm  a first-degree felony. See § 812.133(1)-(2)(a), Fla. Stat. (1997). The court placed him on four years' probation. Subsequently, the trial court revoked his probation and sentenced him to ten years in prison.[3] Four years later, Brooks filed a motion under rule 3.800(a), alleging that at his resentencing, his felony conviction was a level seven offense that should have been assessed 56 sentencing points, but was incorrectly scored as a level nine offense and assessed 92 points. As a result, his lowest permissible sentence under the Criminal Punishment Code was significantly higher than it should have been66.3 months instead of 39.3 months.
On review, the Fourth District concluded that the would-have-been-imposed standard we applied in Anderson should not apply to claims raised under rule 3.800(a):
Our reading of rule 3.800(a) is that it allows relief in a narrower class of cases than rule 3.850. There is no time limit for 3.800(a) motions and "[a]fter the time for filing 3.850 motions has passed, the State's interests in finality are more compelling." Anderson, 905 So.2d at 118. Application of a "would have been imposed" test many years after a sentencing hearing presents practical problems  judges die and retire and memories fade. Id. Where relief appears on the face of the record such practical difficulties do not exist.
Brooks, 930 So.2d at 836. The district court reasoned that despite clear scoresheet error, Brooks was not entitled to resentencing because the trial court could have imposed a thirty-year sentence for the carjacking, a first-degree felony, but sentenced him only to ten. The district court affirmed the trial court's denial of relief and certified conflict with Wilson. Id.[4]
In the conflict case, the defendant pled guilty and was sentenced to twenty-year prison terms on each of three sexual battery counts, and to fifteen years on each of four counts of lewd and lascivious acts. Wilson, 913 So.2d at 1278. The trial court imposed true split sentences: all the prison terms were concurrent, the terms were suspended after ten years, and the defendant was placed on probation. When Wilson subsequently violated probation, the trial court imposed the full terms, with credit for time served. In a motion filed under rule 3.800(a), Wilson alleged that at *241 both sentencings his sexual battery offenses had been scored incorrectly as level nine instead of level seven offenses. Id. Noting that the trial court could have legally imposed those sentences, the district court nevertheless reversed for the trial court to decide the appropriate relief:
Whether the test is "could have" or "would have" for purposes of a motion under rule 3.800(a) has not been resolved by the supreme court. See State v. Anderson, 905 So.2d 111 (Fla.2005). This district currently applies the "would have" standard to determine if postconviction relief is available under rule 3.800(a).
Wilson, 913 So.2d at 1279.[5]
We now resolve the conflict.

III. RAISING SENTENCING ERROR
As we explained in Anderson, a defendant has several options for raising a sentencing error. Anderson, 905 So.2d at 118. First, when preserved for review, the error may be raised on direct appeal. Second, even if not originally preserved, "to provide defendants with a mechanism to correct sentencing errors in the trial court at the earliest opportunity" and "to give defendants a means to preserve these errors for appellate review," we amended Florida Rule of Criminal Procedure 3.800(b) to allow defendants to file a motion to correct a sentencing error even while an appeal is pending (but before filing an initial brief). See Amendments to Fla. Rules of Criminal Procedure 3.111(e) & 3.800 & Fla. Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015, 1016 (Fla.1999) (Amendments); see also Maddox v. State, 760 So.2d 89, 94 (Fla.2000) ("We anticipate that the amendments to rule 3.800(b) . . . should eliminate the problem of unpreserved sentencing errors raised on direct appeal. . . .").[6] This rule also authorizes the trial court to hold an evidentiary hearing. Third, under rule 3.850, a defendant may raise a sentencing error within two years after the sentence becomes final. See Fla. R.Crim. P. 3.850(b). Claims of scoresheet error brought under this rule are generally, though not exclusively, alleged as ineffective assistance of counsel claims. See Matton v. State, 872 So.2d 308, 312 (Fla. 2d DCA 2004) ("The failure to object to scoresheet errors constitutes ineffective assistance of counsel if counsel failed to object to errors of which counsel knew or should have known.").
As with most trial court errors, however, not all errors committed at a criminal sentencing require reversal. The sentence may be affirmed if such errors are harmless. See DiGuilio, 491 So.2d at 1135 (holding that an error is harmless when an appellate court concludes "beyond a reasonable doubt that the error complained of did not contribute to the verdict"). When scoresheet error is presented using any of the three procedures described above, any error is harmless if the record conclusively shows that the trial court would have imposed the same sentence using a correct scoresheet. See, e.g., Anderson, 905 So.2d at 118 ("Because it is essential for the trial court to have *242 the benefit of a properly calculated scoresheet when deciding upon a sentence, we agree that the would-have-been-imposed standard should apply to motions filed under rule 3.850 to correct scoresheet error."); Jones v. State, 901 So.2d 255, 258 (Fla. 4th DCA 2005) (reversing the denial of a motion under rule 3.800(b) alleging scoresheet error and "remand[ing] for an evidentiary hearing to determine whether the inclusion of fourteen points for manslaughter on the sentencing sheet was in error, and if so, whether any evidence in the record conclusively demonstrates that the trial court would have imposed the same forty-five month sentence even under a correct scoresheet"), review denied, 915 So.2d 1197 (Fla.2005); Val v. State, 741 So.2d 1199, 1200 (Fla. 4th DCA 1999) (reversing on direct appeal for resentencing because the district court could not "conclude with certainty that appellant's sentence would have been the same if the trial court had used a properly prepared scoresheet").
Rule 3.800(a) provides yet a fourth avenue for asserting sentencing error:
(a) Correction. A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief, provided that a party may not file a motion to correct an illegal sentence under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal.
Under this rule, a defendant may allege (1) that the sentence imposed is illegal; (2) that insufficient credit was awarded for time served; or (3) that the sentencing scoresheet was incorrectly calculated.
Motions to correct sentencing errors under this rule are different from those filed under the others in two material respects. The good news is that, unlike the other motions, these may be raised "at any time."[7] The bad news is that, because the error may be raised at any time, no evidentiary hearing is allowed. Instead, both the error and the defendant's entitlement to relief must be evident from the face of the record and the applicable law.
The timing of the postconviction motion is relevant to determining which harmless error standard applies. Sentencing errors raised in direct appeals and in motions filed under rules 3.800(b) and 3.850 must meet established deadlines. For example, a scoresheet calculation error cannot be raised on direct appeal unless it is preserved, and an appeal will be dismissed if not filed within thirty days after the sentence is rendered. A motion under rule 3.800(b) must be filed before an initial brief is filed on appeal. Finally, under rule 3.850 a motion must be filed within two years after the judgment and sentence are final. These requirements contrast sharply with the never-too-late provision of rule 3.800(a). As noted above, such a motion may be filed "at any time, even decades after a sentence has been imposed, and as such, its subject matter is limited to those sentencing issues that can be resolved as a matter of law without an evidentiary determination." State v. Callaway, 658 So.2d 983, 988 (Fla.1995), receded *243 from on other grounds by Dixon v. State, 730 So.2d 265, 266 (Fla.1999).
We conclude that applying the would-have-been-imposed standard to sentencing issues raised under rule 3.800(a) would defeat the purposes of preserving issues for review and would circumvent the appellate process. Defendants already have three separate opportunities to raise sentencing errors, all of which are subject to the would-have-been-imposed standard: if the error was preserved at sentencing, defendants may raise the issue on direct appeal; if the error was not preserved at sentencing, they may raise it by motion under rule 3.800(b) and then raise it on appeal; and, under rule 3.850, they may raise the issue within two years after the sentence becomes final. As we said in Anderson, however,
After the time for filing 3.850 motions has passed, the State's interests in finality are more compelling. See, e.g., Maddox v. State, 760 So.2d 89, 100 n. 8 (Fla.2000) (noting that "clearly the class of errors that constitute an `illegal' sentence that can be raised for the first time in a post-conviction motion decades after a sentence becomes final is a narrower class of errors than those termed `fundamental' errors that can be raised on direct appeal even though unpreserved"). Moreover, the would-have-been-imposed test, which requires a sentencing court to determine whether it would have imposed the same sentence using a correct scoresheet, may lose its effectiveness when a judge must decide the issue several years after the original sentencing.
905 So.2d at 118.
Applying the same standard to motions that may be filed "at any time" would result in resentencings  even for minimal scoresheet errors  years and even decades after sentences are imposed. This would violate the policy of encouraging defendants to seek an early remedy so that sentencing errors may be corrected as soon as possible  especially when those errors appear on the face of the record.
As we have noted before, "[e]ven in those cases involving scoresheet errors apparent from the record, [this Court] ha[s] previously held that `it does not necessarily follow that all cases involving scoresheet errors must be automatically reversed for resentencing.'" Maddox, 760 So.2d at 103 (quoting State v. Mackey, 719 So.2d 284, 284 (Fla.1998)). For a defendant to be entitled to resentencing under rule 3.800(a), the scoresheet error must be of greater magnitude than one raised by the first three procedures described. Accordingly, for motions filed under rule 3.800(a), we hold that if the trial court could have imposed the same sentence using a correct scoresheet, any error was harmless.[8]

*244 IV. CONCLUSION
In this case, the Fourth District applied the could-have-been-imposed test to Brooks's rule 3.800(a) claim. The trial court sentenced Brooks to ten years' imprisonment for the carjacking, but it legally could have imposed a thirty-year sentence for the first-degree crime. We approve the Fourth District's decision. We disapprove the decision in Wilson to the extent it is inconsistent with this opinion.
It is so ordered.
LEWIS, C.J., and WELLS, PARIENTE, QUINCE, and BELL, JJ., concur.
ANSTEAD, J., dissents with an opinion.
ANSTEAD, J., dissenting.
While cloaked in the obscure language of a "would have been" versus "could have been" standard of prejudice, today's majority opinion has substantially restricted, if not eliminated, this Court's longstanding commitment to grant relief from certain limited but serious sentencing errors no matter when those errors are discovered.
Rule 3.800(a) of the Rules of Criminal Procedure provides a means for raising a very specific and narrow class of sentencing errors:
(a) Correction. A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief, provided that a party may not file a motion to correct an illegal sentence under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal.
(Emphasis supplied.) This rule was enacted out of concerns that no one should be imprisoned beyond the term that the law provides. The rule provides for three types of serious errors: one general, an illegal sentence, and two specific, a failure to provide credit for time served, and an incorrect sentencing scoresheet calculation. The rule explicitly provides that these three types of sentencing errors may be corrected "at any time" except during the period provided for filing a rule 3.800(b) motion, because the claims may also be raised via a 3.800(b) motion. Amendments to Fla. Rules of Criminal Procedure 3.111(e) & 3.800 & Fla. Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015, 1019 (Fla.1999) ("Thus, a party can correct an illegal sentence through a rule 3.800(b) motion, or alternatively, following the appeal, a party may file a 3.800(a) motion to correct the sentence in the trial court.").
With the enactment of rule 3.800(a), this Court recognized the Legislature had chosen to limit judicial discretion in sentencing to a largely mathematical exercise in computing points on a sentencing scoresheet, and that the validity of a sentence rested substantially on the accuracy of the scoresheet.[9] Because of the dominant role *245 played by the scoresheet in sentencing, rule 3.800(a) explicitly provides that a scoresheet error may be corrected at any time. Today's decision, however, has effectively blunted, if not eliminated, this fail-safe method for catching these serious sentencing errors.
As the majority opinion makes clear, while we will still invalidate sentences predicated upon scoresheet errors if the error is raised on appeal or in other collateral proceedings, we will no longer correct the error "at any time" as expressly provided in rule 3.800(a). Instead the majority has, in effect, substituted the two-year time period provided in rule 3.850 for the "any time" period set out in rule 3.800(a). Hence, although the majority has left the words of the rule intact, including the provision for correcting the error at any time, it has effectively construed this provision out of the rule, nominally out of concerns for finality.
What the majority fails to confront, however, is that by the precise and plain language of rule 3.800(a), this Court already made a choice in favor of reliability and accuracy over finality when it unambiguously provided that sentencing scoresheet errors could be corrected at any time. In other words, we have already made the call as to the importance of getting it right versus finality and come down on the side of getting it right when it comes to a mistake as to how long someone may be imprisoned. Furthermore, since the enactment of rule 3.800(a), the district courts, including the Fourth District, have uniformly and consistently applied the "would have been" standard to correct scoresheet errors under the rule. See Brooks v. State, 930 So.2d 835, 836 (Fla. 4th DCA 2006) (receding from its own precedent based on this Court's dicta in Anderson). We are talking about more than twenty years of precedent that the majority is abandoning in the name of a newfound concern for finality. While I recognize that the majority has the power to change the rule if it believes this Court's policy was wrong in permitting corrections at any time, I also believe it should do so directly by amending the rule rather than leaving the clear language of the rule in place as if the rule still had its plain meaning. Because I believe the Court got it right the first time in valuing accuracy and reliability in sentencing over finality in a commendable attempt to insure that no one be imprisoned beyond the term the law provides, I would continue to honor the rule's provision for correction of scoresheet errors at any time. And, because I conclude today's decision is contrary to the plain meaning of the rule, I dissent.
NOTES
[1] See DiGuilio, 491 So.2d at 1135 (holding that an error is harmless when an appellate court concludes "beyond a reasonable doubt that the error complained of did not contribute to the verdict"); see also Albritton v. State, 476 So.2d 158, 160 (Fla.1985) (holding that when a departure sentence is based on valid and invalid reasons, resentencing is required unless an appellate court concludes beyond a reasonable doubt that "absence of the invalid reasons would not have affected the departure sentence").
[2] This Court thus approved the Second District's decision. Because Hummel, the conflict case, involved a motion filed under rule 3.800(a), we disapproved the First District's decision only "to the extent it [wa]s inconsistent with" Anderson. 905 So.2d at 119.
[3] Brooks violated his probation by attempting a robbery, for which he was separately charged and sentenced to a concurrent ten-year term.
[4] Since the Fourth District's decision, the Third District, too, has adopted the could-have-been-imposed test for scoresheet errors raised under rule 3.800(a). See Montoya v. State, 943 So.2d 253, 254-55 (Fla. 3d DCA 2006) (certifying conflict with Wilson).
[5] The district court noted that it had insufficient record to determine whether the defendant entered a negotiated plea and suggested resentencing might not be warranted if that were the case. 913 So.2d at 1279.
[6] We also amended Florida Rule of Appellate Procedure 9.140(e), which now provides as follows: "A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal: (1) at the time of sentencing; or (2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b)."
[7] Although a rule 3.800(a) motion cannot be filed during the period provided for filing a rule 3.800(b) motion, the same claims may be raised in a rule 3.800(b) motion. See Amendments, 761 So.2d at 1019 ("Thus, a party can correct an illegal sentence through a rule 3.800(b) motion, or alternatively, following the appeal, a party may file a 3.800(a) motion to correct the sentence in the trial court.").
[8] We note that, although motions under rule 3.800(a) may be filed at any time, often they are filed within two years after the sentence becomes final, which would make them timely if filed under rule 3.850. See Fla. R.Crim. P. 3.850(b). In such cases, for purposes of determining harmless error, the court should treat a motion alleging scoresheet error as one filed under rule 3.850 and apply the would-have-been-imposed standard. See Hall v. State, 643 So.2d 635, 636 (Fla. 1st DCA 1994) (stating that "courts have the authority to treat prisoner petitions as if the proper remedy were sought if it would be in the interest of justice to do so" and finding that the "[trial court] should have treated Hall's [3.800] motion as if filed pursuant to rule 3.850"); see also Sage v. State, 890 So.2d 1277, 1277 n. 1 (Fla. 5th DCA 2005) (noting that the trial court treated Sage's 3.800(a) motion seeking removal of his sexual predator status as a motion filed under 3.850); Nesbitt v. State, 884 So.2d 957, 958 (Fla. 1st DCA 2004) ("Because the motion does not contain allegations which, if true, would establish his entitlement to relief pursuant to Florida Rule of Criminal Procedure 3.800(a), we treat the motion as one pursuant to rule 3.850.").
[9] In State v. Anderson, 905 So.2d 111, 118 (Fla.2005), we explained:

Recognizing the importance of a correct scoresheet, our rules provide defendants several opportunities for raising such error. If preserved for review, scoresheet error may be addressed on direct appeal. Florida Rule of Criminal Procedure 3.800(b) also allows a motion in the trial court to correct such error before and during the pendency of an appeal. Next, rule 3.850 provides a two-year window after a conviction becomes final for a defendant to file a motion raising such claims. Finally, rule 3.800(a) allows a defendant to raise a sentencing error "at any time."