PER CURIAM.
Charles Miller appeals the trial court’s denial of his motion to correct an illegal sentence. Miller has repeatedly challenged the life sentence he received for armed robbery following revocation of his probation in 1996 in trial court case number 91-22625CF10A. Beginning with his direct appeal and in several postconviction motions, he has alleged his sentence is illegal based on errors on his guidelines scoresheet.
In the last 3.800(a) motion he claimed that the scoresheet improperly included seventeen “Legal Status” points. This court affirmed the denial of this motion. Miller v. State, 979 So.2d 237 (Fla. 4th DCA 2008).
In the present motion, Miller reargues scoresheet errors that he has previously raised in light of some State concessions in an attempt to show that he could not have received a life sentence.
The State has conceded that Miller should have received only twenty-five points in the “Same Category Priors” section and only fourteen points for victim injury. See Fla. R.Crim. P. 3.701(c); 3.701(d)(15); 3.988(c). The State does not concede that seventeen points should not have been scored for “Legal Status.” The State argues that resolution of this issue would require an evidentiary hearing, and as a result, this is not the proper subject of a rule 3.800(a) motion.
Whether Miller was under legal constraint when he committed the offenses in this case may not be apparent from the face of the record and may require an evidentiary hearing. See Fla. R.Crim. P. 3.701(d)(6) (defining “legal status at time of offense”). Miller has not cited any information in the record that shows he was not under legal constraint when he committed the primary or the additional offense before the court for sentencing, i.e. the 1991 armed robbery and aggravated battery.
However, even if Miller was correct that these seventeen points should not have been added and taking into account the State’s concession regarding the “Same Category Prior” and victim injury points, *702 the record does not reflect that the life sentence is illegal. As the State pointed out in previous responses, the “Prior Record” section of Miller’s scoresheet was not added correctly. Only 152 points are listed in the subtotal for this section. If the points for the listed prior offenses are added correctly the subtotal for this section would be 218 points. Correcting the “Same Category Priors” and victim injury points based on the State’s concessions, the total points on the scoresheet should be 366. If it could be determined from the face of the record that seventeen points should not have been added for “Legal .Status at the Time of Offense,” the total points would be 349. With a two cell bump up from the original sentencing cell for Miller’s successive violations of probation, his permitted sentencing range would still be twenty-two years to life.
Because Miller could have received the same sentence even if all of the alleged scoresheet errors were corrected, he has not shown that his life sentence is illegal. See Brooke v. State, 969 So.2d 238 (Fla.2007).
Miller’s successive challenges to his sentence must stop unless he can show that the face of the record clearly demonstrates that he could not have received a life sentence in this case.
The circuit court’s order is affirmed.
HAZOURI and DAMOORGIAN, JJ., concur.
POLEN, J., concurs specially with opinion.