PER CURIAM.
Christopher Hicks appeals the summary denial of a rule 3.850 motion. We reverse as to one issue raised in his motion.
In claims 6 and 7 of his rule 3.850 motion, Hicks complained that crimes he was not charged with in the information in this case were included on his Criminal Punishment Code scoresheet. The State pointed out that these charges were pending in a separate case. In its response below, the State suggested any scoresheet error was harmless because Hicks was sentenced as a habitual offender and prison releasee reoffender, which Hicks denies. Contrary to the State’s argument, the record shows he was sentenced under the Criminal Punishment Code, not a recidivist statute.
 The scoresheet should not have included pending charges from a separate case which he had not been convicted of at the time of sentencing in this case. § 921.0021(1), Fla. Stat. (2009); Fla. R. Crim. P. 3.704(d). Removing these offenses from his scoresheet would have reduced the lowest permissible sentence from 37.5 to 30.75 months. The record does not show that the court would have imposed the same sentence regardless of any scoresheet error. See Brooks v. State, 969 So.2d 238, 241-42 (Fla.2007) (recognizing that the “would have been imposed” test applies to scoresheet errors raised in a rule 3.850 motion).
On appeal, the State does not dispute that this claim is facially sufficient and not refuted by the attached records.
This case is reversed and remanded for further proceedings on this issue. The denial of the remaining claims is affirmed.

Affirmed in Part, Reversed in Part and Remanded.

DAMOORGIAN, GERBER and LEVINE, JJ, concur.