# Third District Court of Appeal

**State of Florida**

Opinion filed April 18, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1759
Lower Tribunal No. 96-38920
_____

**Alvis Masis,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Alvis Masis, in proper person.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and EMAS and LUCK, JJ.

ROTHENBERG, C.J.

The defendant, Alvis Masis, appeals from the denial of his postconviction motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). For the reasons that follow, we affirm.

On December 5, 1996, a warrant was issued for the arrest of the defendant for for the murder of Erica Cano ("the victim"), a homicide committed that day. On March 4, 2009, a new arrest warrant was issued, along with a felony information, charging the defendant with the second degree murder of the victim. On July 21, 2009, the arrest warrant was served on the defendant when he returned to this country. The evidence established that the victim was found lying in the bathtub in a motel room with a wire hanger wrapped around her neck. The medical examiner determined that the cause of death was strangulation and the manner of death was a homicide. Upon his arrest, the defendant gave a taped statement wherein he admitted to becoming angry with the victim, or as he described it, he was "full of anger, of madness" when he realized the victim intended to leave him. The defendant explained that he and the victim argued and, at some point, he grabbed the victim by the neck, dragged her into the bathroom, reached for something (which turned out to be a wire hanger), grabbed the victim by the neck again, wrapped the wire hanger around the victim's neck, and threw the victim into the bathtub. When she did not move anymore, he left the motel.

2

The defendant told the detective that he realized that he should have simply ended the relationship, and now he had to pay for his guilt.

On July 7, 2011, the defendant pled guilty to second degree murder, and pursuant to his negotiated plea, he was sentenced to twenty years in state prison with credit for time served. Since his plea, the defendant has attacked below, and continues to attack here, his sentence on the ground that the sentence imposed is illegal because he was sentenced under the 1995 sentencing guidelines scoresheet which was invalidated by the Florida Supreme Court in Heggs v. State, 759 So. 2d 620 (Fla. 2000).

On October 23, 2012, the defendant filed a motion for postconviction relief under rule 3.850 claiming ineffective assistance of counsel, alleging, in part, that his trial counsel should have objected to the guidelines scoresheet used to calculate the permissible sentencing range in his case. In his motion, the defendant cited to Heggs and claimed that, had the correct scoresheet been used, he would not have been sentenced to more than 12.5 years in prison. Following the State's response, the trial court denied the motion, and the defendant did not appeal the denial of his 2012 rule 3.850 motion.

On March 7, 2014, the defendant raised the same challenge, but this time he claimed his sentence was illegal under rule 3.800(a). However, the defendant withdrew his motion after the State advised the defendant that if the trial court set

3

aside the plea, the State was prepared to try the defendant for second degree murder, and if convicted, he could receive a life sentence.

On September 25, 2015, the defendant raised his scoresheet claim again in a subsequent rule 3.800(a) motion, claiming that his sentence was an illegal sentence because the guidelines scoresheet invalidated by <u>Heggs</u> was used to compute the permissible sentencing range relied on by the State when it negotiated the plea with the defendant and by the trial court when it accepted the negotiated plea. The trial court denied the motion, and this Court affirmed that ruling on appeal. <u>Torres v. State</u>, 199 So. 3d 274 (Fla. 3d DCA 2016).[1]

Undaunted, the defendant returned to the trial court in 2017 and filed another rule 3.800(a) motion attacking the legality of his sentence on the same grounds and additionally claiming that the amount of gain time he has received is incorrect and that he should be resentenced under a 1994 sentencing guidelines scoresheet. The trial court concluded that the defendant's sentence does not violate <u>Heggs</u>, is not illegal, and is successive, and therefore denied the motion.

## ANALYSIS

An illegal sentence for purposes of a rule 3.800(a) motion is one that involves

> *a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances.*

---

[1] Alvis Masis is also known as Alvin Masis Torres.

> On the other hand, if it is possible under all the sentencing statutes—given a specific set of facts—to impose a particular sentence, then the sentence will not be illegal within rule 3.800(a) even though the judge erred in imposing it.

Carter v. State, 786 So. 2d 1173, 1178 (Fla. 2001) (quoting Blakely v. State, 746 So. 2d 1182, 1186-87 (Fla. 4th DCA 1999) (emphasis added in Carter).

The homicide the defendant pled to in 2011 was committed in 1996, and thus a 1995 sentencing guidelines scoresheet was used to calculate the appropriate sentencing range absent the imposition of a departure sentence. However, in 2000, the Florida Supreme Court held in Heggs that the 1995 amendment to the sentencing guidelines was unconstitutional because the Legislature's enactment of Chapter 95-184, Laws of Florida, violated the single subject provision of Article III, section 6, of the Florida Constitution, and thus, persons affected by the amendment were entitled to be resentenced under the 1994 sentencing guidelines. The Heggs decision is, however, tempered by two requirements: (1) the Heggs claim must be raised within two years after the defendant's conviction and sentence became final, see Miller v. State, 829 So. 2d 321, 322 (Fla. 5th DCA 2002); and (2) the length of the sentence must have been adversely affected by Heggs, see Gonzalez v. Crosby, 879 So. 2d 1274, 1274-75 (Fla. 3d DCA 2004). And, of course, the rules regarding sentencing scoresheet errors also apply. The defendant's Heggs claim fails to meet any of the legal requirements of either a

general sentencing scoresheet challenge or a <u>Heggs</u> sentencing scoresheet challenge.

I. **<u>Scoresheet errors generally</u>**

The Florida Supreme Court has clarified that when addressing scoresheet errors, the "could-have-been-imposed," "would-have-been-imposed" standards apply. See <u>Brooks v. State</u>, 969 So. 2d 238, 241-44 (Fla. 2007). Under the "could-have-been-imposed" standard, if the trial court **could** have imposed the same sentence using the correct scoresheet, any error from reliance upon the incorrect scoresheet is harmless. <u>Id.</u> at 243. However, if, as the defendant claims in this case, the argument is over whether the trial court **would** have imposed the sentence if it had the benefit of the corrected scoresheet, the defendant must file his postconviction motion within the two-year limitation imposed by rule 3.850(b). <u>Id.</u> at 242-43. That is because

> the class of errors that constitute an "illegal" sentence that can be raised for the first time in a post-conviction motion decades after a sentence becomes final is a narrower class of errors than those termed "fundamental" errors that can be raised on direct appeal even though unpreserved.

<u>State v. Anderson</u>, 905 So. 2d 111, 118 (Fla. 2005) (citing to <u>Maddox v. State</u>, 760 So. 2d 89, 100 n.8 (Fla. 2000)).

A. **<u>Application of the "could-have-been-imposed" standard</u>**

The defendant's claim fails under the "could-have-been-imposed" standard because even if his conviction was recalculated under a 1994 sentencing guidelines scoresheet, the sentence that was imposed in 2011 would still fall within the permissible sentencing range under the 1994 sentencing guidelines. Under the 1995 sentencing guidelines, the trial court was required to impose a sentence between 20.5 and 34.16 years in state prison unless there existed a valid reason for the imposition of a departure (upward or downward) sentence. If the defendant's conviction was rescored under the 1994 sentencing guidelines, the trial court could impose a sentence anywhere from 17.16 to 21.67 years in state prison without being required to submit valid reasons to impose a departure sentence. Because the defendant was sentenced to twenty years in prison, his sentence falls within the permissible sentencing range under both sentencing schemes. Thus, any error in the use of the 1995 sentencing scoresheet constitutes harmless error. Brooks, 969 So. 2d at 243.

**B. Application of the "would-have-been-imposed" standard**

"Would-have-been-imposed" challenges to scoresheet errors fall outside of the rule 3.800 illegal sentence rubric. Such challenges must be filed under rule 3.850. Anderson, 905 So. 2d 112; see also Brooks, 969 So. 2d at 238 ("In State v. Anderson, we held that the would-have-been-imposed standard applies to postconviction motions filed under Florida Rule of Criminal Procedure 3.850.").

7

"Such motions must be filed within two years after the judgment and sentence are final." Brooks, 969 So. 2d at 238-39.

The defendant entered his guilty plea and was sentenced on July 7, 2011. Because he did not file a direct appeal, his conviction and sentence became final thirty days thereafter. See Saavedra v. State, 59 So. 3d 191, 192 (Fla. 3d DCA 2011) ("The two-year time limitation for filing motions for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 does not begin to run until appellate proceedings have concluded and the court issues a mandate or thirty days after the judgment and sentence become final if no direct appeal is filed."). Because the defendant's conviction and sentence became final in August 2011, the defendant's claim in his 2017 motion for postconviction relief—that had the 1994 scoresheet been utilized, the State may have offered him a sentence less than the twenty-year sentence the State offered and he pled to—is clearly time-barred.

C. **Application of Heggs**

The defendant's Heggs claim raised in his 2017 motion for postconviction relief was also properly denied by the trial court because the defendant has failed to show that he was adversely affected by application of the 1995 sentencing guidelines. State v. Lemon, 825 So. 2d 927, 929 (Fla. 2002). As stated in Heggs, 759 So. 2d at 627:

> [O]nly those persons adversely affected by the amendments made by
> chapter 95–184 may rely on our decision here to obtain relief. Stated

8

another way, in the sentencing guidelines context, we determine that if a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here.

As already addressed, the defendant's twenty-year sentence could have been imposed without a departure under the 1994 sentencing guidelines.

## CONCLUSION

The trial court properly denied the defendant's 2017 motion for postconviction relief based on the use of the 1995 sentencing guidelines scoresheet that was invalidated by the Florida Supreme Court in Heggs. The defendant's sentence was not illegal as his sentence reflects a guidelines sentence under both the 1995 and the 1994 sentencing guidelines. Because the sentence could have been imposed had a 1994 scoresheet been used, the defendant has not been adversely affected by Heggs and the use of the 1995 scoresheet is harmless error.

We decline to address the defendant's arguments regarding the calculation of his gain time as the defendant has failed to exhaust his administrative remedies with the Department of Corrections and if unsuccessful there, then his remedies in the circuit court. Therefore, that claim is not properly before us. See Stovall v. Cooper, 860 So. 2d 5, 7 (Fla. 2d DCA 2003) ("When alleging a deprivation of gain time, prisoners who have exhausted all administrative channels must seek their remedy in circuit court by way of a petition for an extraordinary writ. If a

9

prisoner's sentence would have expired had the Department properly awarded gain time, habeas corpus is the proper remedy. Otherwise a petition for a writ of mandamus is the proper method for review of the Department's denial of gain time.") (citations omitted).

Affirmed.