# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1583
LT Case No. 2014-CF-000122-A

_____

ROBERT BROWN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.800 Appeal from the Circuit Court for Duval County.
Jeb T. Branham, Judge.

Robert Brown, Bushnell, pro se.

James Uthmeier, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

March 28, 2025

EISNAUGLE, J.

Robert Brown appeals the denial of his motion filed under Florida Rule of Criminal Procedure 3.800(a) challenging his three sentences imposed pursuant to section 316.193, Florida Statutes (2014). In his motion, Brown argued that his sentence is illegal because it does not include "monthly reporting probation" and completion of a substance abuse program as required by section 316.193(5), Florida Statutes. In denying the motion, the

postconviction court reasoned that "adding probation at this time would only inure to Defendant's detriment." We affirm because Brown is not prejudiced by the alleged error.

Brown was sentenced for one count of driving under the influence ("DUI") manslaughter and two counts of DUI serious bodily injury under section 316.193, Florida Statutes. As to the first count, the trial court sentenced Brown to the statutory maximum of 15 years in prison pursuant to section 316.193(3)(c)3.a.

The trial court did not impose the statutory maximum sentence as to the two counts of DUI with serious bodily injury. Instead, on each of those counts, Brown received 2.5 years in prison. Importantly, Brown's sentences run consecutive to each other for a total composite sentence of 20 years.

On appeal, Brown argues that his sentences are illegal because he "did not receive a period of probation," citing to section 316.193(5), Florida Statutes.[1] *See Powers v. State*, 316 So. 3d 352 (Fla. 4th DCA 2021); *Archer v. State*, 332 So. 3d 24 (Fla. 2d DCA 2021). Section 316.193(5), in pertinent part, provides:

> The court shall place all offenders convicted of violating this section on monthly reporting probation and shall require completion of a substance abuse course conducted by a DUI program licensed by the department under s. 322.292, which must include a psychosocial evaluation of the offender.

Brown is entitled to no relief because he has not demonstrated prejudice. Even if the statute requires a probationary period in this case, rule 3.800(a) does not permit a defendant to challenge an

---

[1] Brown does not argue on appeal that he was required to receive a probationary period for each qualifying conviction or that he is prejudiced because a probationary period, if applied specifically to his 15-year statutory maximum sentence, would reduce his time in prison on that count (but still not necessarily on the composite sentence).

"unlawfully lenient sentence[]" absent some showing of prejudice. *Earl v. State*, 314 So. 3d 1253, 1255 (Fla. 2021). As the *Earl* court observed, section 924.051 makes abundantly clear that, to challenge a court order, a defendant must demonstrate prejudicial error. For instance, section 924.051(7) expressly applies to collateral proceedings and provides:

> In a direct appeal or a collateral proceeding, the party challenging the judgment or order of the trial court has the burden of demonstrating that a prejudicial error occurred in the trial court. A conviction or sentence may not be reversed absent an express finding that a prejudicial error occurred in the trial court.

§ 924.051(7), Fla. Stat. (2014).

Brown cannot establish prejudice because his composite sentence does not include the statutory maximum sentence for two counts in his composite sentence. Therefore, unlike the defendants in *Powers* and *Archer*, the sentencing judge could have ordered probation to follow completion of the sentence for one of those counts, and Brown is not aggrieved by the trial court's failure to do so.[2]

Brown argues that he is prejudiced because, if he receives a de novo resentencing, the trial court could render a shorter composite sentence. While that might be theoretically true, we see at least two flaws with this argument.

---

[2] Interestingly, Brown's argument necessarily attempts to isolate the part of his sentence imposing a prison term from any requirement for monthly probation. *Cf. Brooks v. State*, 969 So. 2d 238, 239 (Fla. 2007) ("[W]e analyze and resolve the conflict by holding that the could-have-been-imposed harmless error test applies to claims of sentencing error raised by rule 3.800(a) motions."). Given our application of *Earl*, we need not also decide if our supreme court's decision in *Brooks*, while certainly not directly on point, might also be instructive.

First, as framed, Brown claims prejudice based on the possibility of receiving a more lenient sentence at a de novo resentencing. But while this argument might establish that Brown is aggrieved on appeal (in some marginal sense) by the denial of his 3.800(a) motion,[3] he makes no argument that he was prejudiced by the alleged error in his original sentence.

In the collateral proceeding below, Brown was required to establish "prejudicial error . . . in the trial court." § 924.051(7); *see also Earl*, 314 So. 3d at 1255. In other words, Brown needed to establish below that he is prejudiced by an error in his original sentence. He cannot do so.

Second, Brown's attempt to establish prejudice is entirely speculative. *See Earl*, 314 So. 3d at 1255 ("[D]efendants are not entitled to . . . relief under . . . rule [3.800(a)] absent a showing of prejudice."). Given the length and structure of his sentences, unlike in *Powers* and *Archer*,[4] Brown cannot allege, on the face of the record, that a probationary period would reduce his term in prison. *See* Fla. R. Crim. P. 3.800(a)(1) ("A court may at any time correct an illegal sentence imposed by it . . . when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief."). In short, the rule does not offer relief based on a movant's rank speculation.

---

[3] We are aware that the *Earl* court approved the first district's opinion, which dismissed the defendant's appeal in that case. However, it appears that the relief requested in *Earl* could not have resulted in any benefit to the movant. *Earl*, 314 So. 3d at 1255 ("As the postconviction court noted, had Earl been granted the relief he requested, his sentence would not have been changed by a single day."). In this case, Brown requested de novo resentencing, which he strenuously argues could have resulted in a reduced sentence if granted.

[4] In both *Powers* and *Archer*, the movant received the maximum sentence in prison. Therefore, any mandatory probationary period would have necessarily reduced the movant's prison term.

4

In conclusion, Brown was not aggrieved by the alleged error in his sentence. Absent a showing of prejudice, Brown is not entitled to relief.

AFFIRMED.

BOATWRIGHT, and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____