# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1300
_____

JESSE DAVID HICKS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Holmes County.
Colby Peel, Judge.

October 15, 2025


PER CURIAM.

Appellant, Jesse David Hicks, argues on appeal that the trial court erred in sentencing him as a prison releasee reoffender ("PRR") because under *Erlinger v. United States*, 602 U.S. 821 (2024), he was entitled to a jury determination of whether he was released from prison within three years of committing his current offenses. Appellant also argues that the sentencing procedure to impose a PRR sentence under section 775.082(9), Florida Statutes, is now unconstitutional in light of the holding in *Erlinger*.[*]

_____

[*] Because Appellant's sentence is before us on direct appeal, it is thus not final for purposes of the application of decisional law issued after sentencing. *See State v. Fleming*, 61 So. 3d 399 (Fla.

As the Fifth District did in *Ashford v. State*, 407 So. 3d 537, 537 (Fla. 5th DCA 2025), we affirm without reaching the merits of Appellant's arguments as to *Erlinger*'s impact, if any, upon section 775.082(9) because even if *Erlinger* applies, any error in this case is harmless. When considering harmless error when the claimed error is failure to have a jury finding made during sentencing, the issue is "whether the failure to have the jury make the . . . finding . . . contributed to the . . . sentence—in other words, whether the record demonstrates beyond a reasonable doubt that a rational jury would have found" the same thing. *Galindez v. State*, 955 So. 2d 517, 523 (Fla. 2007).

Both Appellant and his counsel acknowledged below that he was released from prison within three years of committing his current offenses, and the Department of Corrections' records so reflect. Thus, the record demonstrates beyond a reasonable doubt that no rational jury would have determined that Appellant did not qualify for PRR sentencing based upon the timing of his release from prison on his past offenses and the commission of his current offenses. We, therefore, affirm. *See Flournoy v. State*, 415 So. 3d 806, 808 (Fla. 2d DCA 2025) ("[E]ven assuming that the trial court erred [under *Erlinger*] by making the findings necessary to impose the HFO and PRR enhancements, rather than leaving those findings to the jury, the error was harmless."); *Ashford*, 407 So. 3d at 537; *see also Avalos v. State*, 50 Fla. L. Weekly D1950a (Fla. 6th DCA Aug. 29, 2025); *Jackson v. State*, 410 So. 3d 4 (Fla. 4th DCA 2025).

AFFIRMED.

LEWIS and ROWE, JJ., concur; WINOKUR, J., concurs with opinion.

---

2011). *Cf. Wainwright v. State* 411 So. 3d 392 (Fla. 2025) (holding that *Erlinger* does not apply retroactively to a postconviction claim).

2

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

WINOKUR, J., concurring.

I concur in the decision to affirm, in particular with the conclusion that the alleged error is subject to harmless-error analysis pursuant to *Galindez v. State*, 955 So. 2d 517 (Fla. 2007), I write separately to make three observations.

I

First, I have concerns about the propriety of raising an *Apprendi* error[1] by motion under Florida Rule of Criminal Procedure 3.800, particularly under rule 3.800(b), as Hicks did here. This concern stems from the ruling in *Jackson v. State*, 983 So. 2d 562, 574 (Fla. 2008), which holds that rule 3.800(b) may be used to correct "any error in an order entered as a result of the sentencing process—that is, orders related to the sanctions imposed[,]" as opposed to "an error in the sentencing process[.]" An *Apprendi* error seems to be an error in the sentencing process, as that phrase is described in *Jackson*. As such, it does not appear that an appellant can rely on rule 3.800(b) to raise an *Apprendi* error.

An *Apprendi* claim typically alleges violations of two separate provisions of the Constitution: (1) a judge, instead of a jury, found a fact in violation of the defendant's Sixth Amendment right to a trial by jury; and, (2) the factfinder, in violation of the defendant's right to due process, utilized the preponderance of the evidence

---

[1] I use the phrase "*Apprendi* error" broadly to mean an order that violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Alleyne v. United States*, 570 U.S. 99 (2013); *Erlinger v. United States*; 602 U.S. 821 (2013), or any other related case. "*Apprendi* claim" is similarly broad.

standard instead the beyond a reasonable doubt standard. *See Apprendi*, 530 U.S. at 476 ("[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."). In other words, an *Apprendi* claim alleges that the wrong entity (judge instead of jury) found a fact under the wrong standard (preponderance of the evidence instead of beyond a reasonable doubt). *See, e.g., Hughes v. State*, 901 So. 2d 837, 841 (Fla. 2005) ("The effect of [*Apprendi*] is solely to shift factfinding responsibility from the judge to the jury and to increase the burden of proof for those facts that increase the penalty for a crime beyond its statutory maximum.").

An *Apprendi* claim, therefore, alleges an error in the sentencing process—not an error in the sentencing order itself. *See Hughes*, 901 So. 2d at 841 ("Rules that allocate decision-making authority in this fashion are prototypical procedural rules"). And because it is an error in the sentencing process, our supreme court has held that it cannot be raised by motion under rule 3.800(b).

I recognize that this conclusion is at odds with *Plott v. State*, 148 So. 3d 90 (Fla. 2014), which ruled that *Apprendi* claims are cognizable under rule 3.800(a). Claims made under rule 3.800(a) are cognizable under rule 3.800(b), s*ee Brooks v. State*, 969 So. 2d 238, 242 n.7 (Fla. 2007), so logically these cases lead to the conclusion that an *Apprendi* claim *may* be raised by motion under rule 3.800(b). Respectfully, I do not believe that this conclusion takes *Jackson*, which was not mentioned in *Plott,* into account.[2] As

---

[2] Our supreme court once explicitly refused to address the argument that *Jackson* does not permit *Apprendi* claims by rule 3.800(b) motion, because the State had failed to advance that argument in the district court. *State v. Fleming*, 61 So. 3d 399, 401 n.3 (Fla. 2011). The Second District has read this footnote to mean that "the Florida Supreme Court has acknowledged that *Apprendi* claims are properly preserved by a rule 3.800(b) motion." *Flournoy v. State*, 415 So. 3d 806, 808 n.1 (Fla. 2d DCA 2025). I disagree. The Florida Supreme Court refused to consider the issue because the State failed to raise it in the district court. The *Fleming* court

4

of the date of this opinion, it appears that our supreme court may address the viability of *Plott* in its review of *Maye v. State*, 368 So. 3d 531 (Fla. 6th DCA 2023), *review granted*, No. SC2023-1184, 2024 WL 1796831 (Fla. Apr. 25, 2024).[3] In the meantime, we are bound by *Plott*.

## II

Second, I question the relevance of *Erlinger* to any Florida sentencing matter, particularly the one presented here. *Erlinger* involved the question of whether a series of prior offenses qualified as separate offenses (as the Government contended), which permitted enhanced sentencing under the Federal Armed Career Criminal Act (ACCA), or whether the offenses were part of a single criminal episode (as the offender contended), which precluded such enhanced sentencing. The answer to this inquiry was a "fact-laden task," involving analysis of whether the crimes were committed close in time or proximity, or whether they were "similar or intertwined." *Id.* at 834. The Court noted that the case was "as nearly on all fours with *Apprendi* and *Alleyne* as any we might imagine[,]"and concluded that a jury must resolve the "ACCA's occasions inquiry unanimously and beyond a reasonable doubt."

---

did note that "*Jackson* does not directly address or even mention *Apprendi* error[,]" 61 So. 3d 399, 401 n.3, but this observation is not a holding that *Apprendi* claims are properly raised by a rule 3.800(b) motion.

[3] I agree with Judge Eisnaugle that rule 3.800(a) is an "odd fit" for *Apprendi* errors. *Turnage v. State*, 411 So. 3d 517 n.1 (Fla. 5th DCA 2025) (Eisnaugle, J., concurring specially). However, I believe this is because *Apprendi* errors are sentencing process errors, not because a rule 3.800(a) motion cannot be used when the claimed error is subject to harmless-error analysis—like *Apprendi* errors. A sentencing scoresheet error, for instance, may be raised in a rule 3.800(a) motion, but the error is subject to the "could-have-been-imposed" harmless error standard. *Brooks*, 969 So. 2d at 239. Rule 3.800(a) is not necessarily inconsistent with harmless-error analysis.

*Id.* at 835. In other words, *Erlinger* merely applied *Apprendi* and *Alleyne*.

Moreover, the *Erlinger* court was clear that its decision did not affect the viability of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which permits a court to find the fact of a prior conviction without submitting the question to a jury. *See Erlinger*, 602 U.S. at 838 ("[N]o one in this case has asked us to revisit *Almendarez-Torres*. Nor is there need to do so today.").

Nor does *Erlinger* change what facts qualify as part of the fact of prior conviction. *See Erlinger*, 602 U.S. at 839 (permitting a sentencing judge to use information from sentencing documents "for the limited function of determining the fact of a prior conviction and the then-existing elements of that offense[.]"); *see also Shepard v. United States*, 544 U.S. 13, 26 (2005) (holding that the enquiry to determine whether a guilty plea admitted elements necessary for ACCA sentencing "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.").

In short, *Erlinger* dealt with a particular fact-intensive inquiry related to federal sentencing by merely applying existing cases and did not expand the Court's right-to-jury jurisprudence in a way that requires us to re-examine whether facts supporting a PRR sentence must be presented to a jury. Even the key feature for which *Erlinger* is cited, that a sentencing judge may find only the fact of a prior conviction without submitting the question to a jury, simply applies a well-established rule from *Almendarez-Torres* and *Alleyne*. The foofaraw surrounding *Erlinger* and its supposed effects on Florida sentencing, particularly PRR sentencing, is unnecessary.

III

In contrast, *Alleyne did* substantially expand the Court's right-to-jury jurisprudence. Prior to *Alleyne, Apprendi* was interpreted to require a jury finding only for a fact that "increases the penalty for a crime beyond the prescribed statutory

6

maximum," leaving the judge free to find facts that supported a mandatory minimum sentence without a jury finding. *Harris v. United States*, 536 U.S. 545, 550 (2002). However, the Court in *Alleyne* explicitly overruled *Harris*, holding "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne*, 570 U.S. at 103. This was a major expansion to the right of any defendant to a jury finding of facts that supported the sentence.

Based on this observation, I believe that several district court of appeal decisions holding that *Alleyne* did not require facts supporting a PRR sentence to be found by the jury were wrongly decided.[4] In *Williams v. State*, for instance, we found that the "key fact pertinent to PRR sentencing—whether the defendant committed the charged offense within three years of release from prison—is not an ingredient of the charged offense." *Id.* at 424. We ruled that the critical fact for PRR purposes only "relates to the fact of a prior conviction." *Id.* Other district courts have ruled similarly. *See, e.g., Lopez,* 135 So. 3d at 540 (finding that the fact of the date of release from prison is "directly derivative of a prior conviction"); *Chapa,* 159 So. 3d at 362 (adopting *Williams* and *Lopez*); *Ryland,* 360 So. 3d at 786 (refusing to require a jury determination under *Alleyne* because the relevant fact "requires only a mechanical calculation or ministerial determination by the judge"); *Maye,* 368 So. 3d 531.

I submit that the district court decisions on this issue misapplied *Alleyne* and *Almendarez-Torres*. As to *Alleyne*, Florida's PRR statute clearly imposes mandatory minimum sentences. *See, e.g.,* § 775.082(9)(a)3.b., Fla. Stat. ("Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and *must be sentenced* as follows . . . [f]or

---

[4] *See, e.g., Williams v. State*, 143 So. 3d 423 (Fla. 1st DCA 2014); *Lopez v. State*, 135 So. 3d 539 (Fla. 2d DCA 2014); *Ryland v. State*, 360 So. 3d 784 (Fla. 3d DCA 2023); *Chapa v. State*, 159 So. 3d 361 (Fla. 4th DCA 2015); *Tobler v. State*, 239 So. 3d 796 (Fla. 5th DCA 2018); *Maye,* 368 So. 3d 531.

a felony of the first degree, by a term of imprisonment of 30 years" (emphasis supplied)). Regarding *Almendarez-Torres*, the date that a prisoner is released from prison is not part of the fact of prior conviction. *See Shepard*, 544 U.S. at 26; *see also Deschamps v. United States*, 570 U.S. 254, 262 (2013).

*Alleyne*, not *Erlinger*, provides the basis for this decision regarding PRR. This issue, too, is likely to be resolved by the Florida Supreme Court in *Maye*.

IV

While I believe that *Apprendi* claims cannot be raised by rule 3.800(b) motion, and that *Alleyne*, rather than *Erlinger*, provides a basis to conclude that we cannot impose a PRR sentence without submitting the question of date of release to a jury, I nonetheless agree with the decision to affirm because the error is harmless.

_____

Jessica J. Yeary, Public Defender, and Tyler Kemper Payne, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Darcy Townsend, Assistant Attorney General, Tallahassee, for Appellee.