# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-0032
_____

TERRY LEE HUMPHREY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Hamilton County.
Melissa G. Olin, Judge.


March 4, 2026


PER CURIAM.

A jury found Appellant Terry Lee Humphrey guilty of sexual battery on a minor at least 12 years old but less than 18, lewd or lascivious battery, lewd or lascivious molestation, lewd or lascivious conduct, and lewd or lascivious exhibition. He raises three issues for appellate review involving: (1) a ruling that certain Appellant-proffered testimony was inadmissible, (2) a rejected special jury instruction, and (3) the inclusion of two old, prior offenses in the sentencing scoresheet calculation.

Seeing no error on the first two issues, we affirm them without discussion. On the third issue, the State correctly concedes that the trial court used an incorrect scoresheet calculation at sentencing. Specifically, the sentencing scoresheet erroneously

included two prior convictions which occurred more than ten years before the primary offense where Appellant had not been "convicted of any other crime for a period of 10 consecutive years from the most recent date of release from confinement, supervision, or sanction, whichever is later, to the date of the primary offense." § 921.0021(5), Fla. Stat. The inclusion of these prior convictions added 7.20 points to the total score. We cannot say that the error was harmless because the record does not conclusively show that the trial court would have imposed the same sentence on counts 4 and 5 using a corrected scoresheet. *See Brooks v. State*, 969 So. 2d 238, 241 (Fla. 2007). If the prior convictions had been excluded from the scoresheet, counts 4 and 5 would have received lower minimum sentences based on the scoresheet formula, which, in turn, may have altered the trial court's sentences on those counts. We thus remand counts 4 and 5 for resentencing with a corrected scoresheet.

Conversely, the trial court would have imposed life sentences on counts 1 through 3 even if the prior convictions had not been erroneously included on the scoresheet. Appellant's score without the extra 7.20 points would have still put him well above the statutory threshold necessary for the imposition of a life sentence. § 921.0024(2), Fla. Stat. (2025). And here, the record conclusively shows that the trial court would have imposed the same sentence if using a correct scoresheet. *See Brooks*, 969 So. 2d at 241. We therefore affirm the life sentences in counts 1 through 3, since the scoresheet error was harmless as to these counts.

AFFIRMED in part; REVERSED in part and REMANDED for resentencing as to counts 4 and 5.

OSTERHAUS, C.J., and ROWE and BILBREY, JJ., concur.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————

2

Jessica J. Yeary, Public Defender, and Richard M. Bracey, III, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, Travis Wesley Munden, Assistant Attorney General, and David Welch, Assistant Attorney General, Tallahassee, for Appellee.